### *SQUIRE ET AL. vs. BELDEN ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The community of acquits and gains, or legal partnership, is so inconsistent with the ordinary commercial partnership, that both cannot exist together, and the legal supersedes the commercial.

Whether a commercial partnership can exist between husband and wife, even when there is no community of acquits and gains. *Quere.*

In this suit the wife was included as a partner in the commercial firm existing between her husband and father. The court below dismissed the suit as to the wife, and gave judgment against the other defendants.

The plaintiffs appealed.

*Pierce*, for appellants.

*Preston* and *Maybin*, for appellees.

*Martin, J.,* delivered the opinion of the court.

This is a suit against a husband, his wife, and her father, as members of a commercial firm, on a bill of exchange accepted by them. Judgment was given against the husband and father, but the suit was dismissed as to the wife; the court being of opinion, she was not bound by the acceptance, and the plaintiff appealed.

The appellants counsel has urged, that the partnership was proven, and the law allows it to exist between husband and wife.

The appellees counsel has denied both these propositions, and has prayed that the judgment may be so far amended as to render it final in her favor.

The marriage of the appellee took place in the year 1829, and it is not pretended that any matrimonial convention prevented the operation of that part of the law of this state, which establishes a community of aquits and gains between husband and wife—*C. C.* 2312-69. This community, or legal partnership, is so inconsistent with the ordinary commercial partnership, that both cannot exist together, and the legal supersedes the commercial.

The community of aquits and gains or legal partnership, is so inconsistent with the ordinary commercial partnership, that both cannot exist together, and the legal supersedes the commercial.

The husband is the head and member of the former. He administers its effects, and may dispose of all the personal property by gratuitous and particular title—*id.* 237●—the wife and her heirs, may exonerate themselves of the partnership debts—*id.* 2379—and can never be bound but for one half of them.

*2373*

In the commercial partnership, each member may bind or alienate the property of the partnership.—*Id.* 2843-5. Every partner is liable for all the damage which the partnership may sustain by his fault.—*Id.* 2833. The partners are bound in *solido* for the debts of the partnership.

Although the legal supersedes the commercial partnership,

SQUIRE ET AL.
   *vs.*
BELDEN ET AL.

Whether a
commercial part-
nership can ex-
ist between hus-
band and wife, e-
ven where there is
no community of
acquits and gains.
Quere.

it cannot be superseded by it; for the legal, results from the tacit or express agreement of the parties, at the time of the marriage, and they cannot alter their matrimonial agreements after the celebration of the marriage.—*Id.* 2309.

The appellants counsel has cited a case from 4th *Sirey*, of a commercial partnership between husband and wife. In their contract of marriage, this circumstance prevented the operation of the law in creating a community. It was a matrimonial convention that it should not exist.

Perhaps a commercial partnership cannot, in this country, exist between husband and wife, even where there is no community of acquits and gains.

A wife, whether in community of goods with her husband or not, cannot bind herself *jointly* with him for any debt of his.—*C. C.* 2412. It is otherwise in France; for there she may bind herself jointly or severally with him, for his own or the community's affairs.—*Code Napoleon* 1331—*Brandegee and wife*, 7 *Martin N. S.* 64–7—*Dumford vs. Gross and wife*, 7 *Martin* 466.

The district court, in our opinion, did not err in declaring the wife was not bound.

The appellee has prayed, that the judgment which dismisses her, and is *quasi* a nonsuit, be amended, and that she may have an absolute judgment in her favor. We think she has a right thereto.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court, as far as relates to the wife, be annulled, avoided, and reversed, and that there be judgment in her favor, with costs.