### GRAY v. CARTER.

No. 16612.

Court of Appeal of Louisiana. Orleans.

Nov. 15, 1937.

Gerard A. Rault, of New Orleans, for appellant.

J. T. Charbonnet, of New Orleans, for appellee.

McCALEB, Judge.

In May, 1932, the plaintiff, Lelia Gray (colored), the former concubine of the defendant, Elijah Carter (also colored), brought this suit against him alleging, in substance, that, during the month of June, 1921, she and Carter entered into a verbal agreement of copartnership whereby all of the property acquired through their joint or individual labor, skill, and industry would become and remain the property of both, and that it was understood that they would share equally in the property thus acquired, irrespective of whether the title thereto was in the name of either or both of them. She further averred that, during the time said partnership was in existence, she worked as laundress and washwoman for private families and various laundries in New Orleans and that her weekly wages averaged not less than the sum of $12. She also set forth that the defendant, Carter, had purchased in his own name certain real estate (particularly described in the petition) during the existence of the copartnership and that she is entitled to be recognized as the owner of one-half of it. She further alleged, in the alternative, that, if the court should hold that she is not entitled to be recognized as the owner of one-half of this real estate, then, in that event, she should have judgment against the defendant in the sum of $1,888 representing the sums advanced by her to the defendant during the existence of the alleged copartnership.

In due course, the defendant appeared and filed an exception of no cause of action to the petition. The trial judge sustained this exception as to the plaintiff's claim for recognition of one-half ownership in and to the defendant's real estate, but overruled it with respect to the alternative demand in which she claims reimbursement for monies advanced to the defendant.

After certain amendments were made to plaintiff's petition, the defendant filed his answer and denied that he was indebted to plaintiff in any sum whatsoever. He alleged that, in March, 1920, the plaintiff agreed to become his concubine; that he furnished her a home, kept her supplied with food, clothing, and shelter; that they thus lived together until September, 1931, at which time plaintiff withdrew from the premises; and that at no time did the plaintiff give or advance any money to him.

Before the case could be heard on its merits, Carter, the defendant, died. His succession was opened in the civil district court and an administrator qualified. The administrator was thereafter made party defendant in this proceeding.

On the issues of fact above set forth, a trial was had and the district judge, after hearing the evidence, rendered judgment in favor of the defendant. The plaintiff has appealed.

We observe preliminarily that there is no dispute with respect to the correctness of the court's ruling in maintaining the exception of no cause of action to that part of plaintiff's claim which seeks the enforcement of the alleged verbal universal copartnership. It is well settled (see article 2834, R.C.C., and Lagarde v. Dabon, 155 La. 25, 98 So. 744) that a universal copartnership cannot be created unless it be in writing and registered in the manner prescribed by law. Hence plaintiff's redress is limited to the moneys which he alleges to have advanced to Carter.

In support of her charge, plaintiff testified that, during the time she was living with Carter, she worked in various laundries and took in washing for private families and that her weekly wage was approximately $12. She states that she advanced moneys to Carter from time to time but is uncertain as to the specific amounts or the dates on which the advancements were made. Capillon, one of her witnesses, weakly attempts to corroborate her testimony by asserting that Carter told him that the plaintiff paid two obligations (which Carter owed)—one for $150 and one for $75—and that these were paid either in 1918 or 1919. The rest of plaintiff's evidence consists of testimony given by various persons who state that she was working during the time she lived with Carter.

The District Judge was evidently of the opinion that plaintiff had failed to prove her case with legal certainty. We fully concur in his view. Were we to allow the claim or any portion thereof, it would be merely guesswork, as there is no satisfactory evidence in the record showing the various specific advances or the dates thereof. It is well settled that every person seeking legal redress must prove his demand with reasonable certainty, and this the plaintiff has failed to do. After all, the question involved is one of fact. We are always disposed to follow the finding of the trial judge on the facts of the case and will disturb his judgment only in cases of manifest error. We are unable to perceive error in this case.

The judgment appealed from is affirmed.

Affirmed.