In November 1944, plaintiff, a colored woman, brought this suit against the defendant, her former paramour (also colored), alleging in substance that, during the month of July 1920, while she and the defendant were residing in Ascension Parish, they entered into a verbal agreement of co-partnership whereby all property which might be acquired through their joint and individual labor and industry, or with money furnished by either, was to become partnership property in which they would share equally; that, pursuant to this agreement, she sold her house and lot in the village of St. Elmo for $250 and turned over the proceeds of the sale to the defendant; that, thereafter, she and the defendant moved from Ascension Parish to Destrehan, in St. Charles Parish, where they lived together for a period of nineteen years at which time they separated; that, from the date of the agreement until the time of their separation, she worked continuously as a domestic and in other capacities for a number of white families in Destrehan and that the proceeds of her labors were deposited with the defendant in accordance with the agreement of partnership. She further avers that the defendant purchased certain real estate with the avails of their savings; that the property acquired by defendant in his own name is worth $1350 and that, in conformity with the partnership agreement, she is entitled to one-half of the value thereof or the sum of $675. Wherefore, she prayed for judgment against defendant for the sum of $675 and in the alternative, in the event her claim be not granted, that the court order a partition by licitation of the real estate standing in defendant's name and that the net proceeds thereof be divided equally between defendant and herself. She further prayed for general and equitable relief.
To this petition, defendant filed an exception of no right or cause of action which was based on the theory that plaintiff's demand, being for the enforcement of a universal partnership, could not be sustained since the alleged agreement was not in writing or registered as required by Article 2834 of the Civil Code.
The judge of the District Court sustained this exception and dismissed plaintiff's suit. Hence this appeal. *Page 705 
[1, 2] It is perfectly clear to us that the exception filed by the defendant is well founded in law. Article 2834 of the Code expressly provides that a universal partnership must be reduced to writing and recorded and the jurisprudence is well established that such agreements, unless made in the required legal form, can have no effect even between the parties. See Murrell v. Murrell, 33 La. Ann. 1233; Lagarde v. Dabon,155 La. 25, 98 So. 744; and Gray v. Carter, La. App., 176 So. 885. And we have no doubt that the agreement which plaintiff seeks to enforce falls squarely within the definition of a universal partnership as set forth in Article 2829 of the Civil Code. In fact, the allegations contained in the petitions in the cases of Lagarde v. Dabon and Gray v. Carter, supra, are parallel with the averments made by plaintiff in the instant suit.
Counsel for plaintiff, however, insists that the judge of the District Court was in error in sustaining the exception for the reason that plaintiff is entitled to demand and recover from the defendant the money which she gave him for partnership purposes, irrespective of her inability to enforce her rights as a partner. In support of this proposition, reliance is placed upon the decisions of Lagarde v. Dabon and Gray v. Carter.
It is quite true that, in each of the cited cases, the court recognized the right of an individual partner of an alleged universal copartnership to have restoration of the money he has advanced or contributed for partnership purposes, despite the legal ineffectiveness of the verbal partnership agreement. And, if plaintiff had demanded such relief, we would be bound, under the jurisprudence, to sustain her cause of action on that score. But, unlike the Lagarde and Gray cases, plaintiff has not prayed for a restoration of the monies she has allegedly turned over to defendant during the existence of the co-partnership.
[3] In the petitions in the Lagarde and Gray cases, the plaintiffs prayed primarily for recognition of their one-half interest in the partnership property and, alternatively, in the event their claims could not be enforced, that they have judgment for the monies which they had advanced for partnership uses. Plaintiff's petition in the instant suit contains no such prayer. Her sole demand is for $675, allegedly one-half of the value of the partnership assets, or, in the alternative, that the court order a partition of the real property standing in defendant's name and that she finally be given one-half of the proceeds of the partition sale.
Plaintiff's prayer for general and equitable relief will not suffice to maintain a demand not pleaded or prayed for. Whatever rights she may have to recover monies advanced by her to the defendant for partnership purposes will be reserved to her in an appropriate action. See Derbes v. Rogers, 162 La. 49,110 So. 84; Peters v. Norris, 191 La. 436, 185 So. 461; Hope v. Madison, 192 La. 593, 188 So. 711; and France v. Firemen's Insurance Co. of Newark, N.J., La. App., 170 So. 424.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed