**Para Pierce ALDRICH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 20334.

United States Court of Appeals
Fifth Circuit.

May 17, 1965.

Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, La., for appellant.

**38**

Stephen J. Pollack, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., Washington, D. C., Louis A. LaCour, U. S. Atty., New Orleans, La., David O. Walter, Stephen B. Wolfberg, Richard M. Roberts, Robert J. Golten, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before MARIS,* RIVES and BROWN, Circuit Judges.

PER CURIAM.

The plaintiff taxpayer sues to recover that part of the estate taxes paid upon the estate of her deceased husband, which included the value of a one-third interest in the partnership of W. R. Aldrich & Company which she claims was not transferred as a part of her husband's estate, but was already her own separate property. The district court entered judgment for the defendant based upon a full opinion reported in Aldrich v. Usry, 211 F.Supp. 330. The district court concluded "that there may, despite Louisiana law to the contrary, be a valid husband and wife partnership for Federal taxing purposes," 211 F. Supp. 334, and further concluded

"* * * that the plaintiff taxpayer has failed to prove the existence of a bona fide family partnership between her and her husband in accordance with the controlling Federal law, it is unnecessary for me to pass upon the validity of such partnership under Louisiana law, and it is also unnecessary for me to pass upon the validity of the alleged gift of the partnership interest from Mr. Aldrich to his wife, the plaintiff herein." 211 F.Supp. at 337.

The court based its decision upon cases governing the taxability of income.

The government concedes, and we think properly so, that because of the nature of the two taxes the rule applicable to income taxes does not apply to estate taxes.

▮▮▮ The estate tax is imposed on the transfer of the estate.[1] The value of the estate is determined by including the value at the time of his death of all property of the decedent except real property situated outside of the United States.[2] What property the decedent owned at the time of his death must be determined by state law. Speaking of proceeds of life policies, this Court said in Flick's Estate v. Commissioner, 1948, 166 F.2d 733, 737:

"* * * all questions as to the title and ownership of property by the decedent must be determined by the law controlling the ownership and disposition of personal property of the state of the residence of the decedent, which in this case was Florida. Federal law does not settle questions of title to property."

Again in McGehee v. Commissioner, 5 Cir., 1958, 260 F.2d 818, 821, it was held that "the character and extent of the property rights which passed to the decedent's husband by her will are to be determined by the law of Florida."

The controlling principles of law as we understand them are well stated in the government's brief as follows:

"It is now well established that state law is determinative of the rights and interests in property subject to federal estate taxation. In Morgan v. Commissioner, 309 U.S. 78 [626], 60 S.Ct. 424, 84 L.Ed. 585 (1940), the Supreme Court said (p. 80): 'State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed.' Estate of Rogers v. Commissioner, 320 U.S. 410, 414, 64 S.Ct. 172, 88 L.Ed. 134 (1943); United

---

* Of the Third Circuit, sitting by designation.

1. See sections 800, 810, 812 and 935 of the 1939 Internal Revenue Code; sections 2001, 2051 of the 1954 Code.

2. Sec. 811(a) of the 1939 Internal Revenue Code, Sec. 2031(a) of the 1954 Code.

States v. Dallas Nat. Bank, 152 F.2d 582 (C.A. 5th 1945); Smith's Estate v. Commissioner, 140 F.2d 759 (C.A. 3d 1944). See Aquilino v. United States, 363 U.S. 509, 513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); Commissioner v. Chase Manhattan Bank, supra [259 F.2d 231 (5 Cir. 1958)], p. 249; United States v. Hiles (C.A. 5th 1963) [318 F.2d 56]. * * * The courts must determine the substance of the state property law provisions and apply the estate tax provisions to the property interests so determined.

"It is true that the Supreme Court has stated that the legal right to *income* under state law is not determinative of the ownership of that income for federal income tax purposes. The Court so held with respect to income from alleged partnership interests such as the one involved here in Commissioner [of Internal Revenue] v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed 670 (1946), and Commissioner [of Internal Revenue] v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949). In those cases the Supreme Court saw the issue as one involving the allocation of income among members of the family for the purpose of reducing taxes, i. e., income splitting; the problem was the same as that involved in Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 1930, and Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788 (1940). The Court said that the ownership of a capital interest in the partnership was only one factor to be considered in determining whether the income of the partnership was taxable to the taxpayer. But we submit that under the Morgan and Estate of Rogers cases cited above a taxpayer owning a capital interest in a partnership under state law must include that interest in his gross estate whether or not he is taxable on any portion of the in-come of the partnership. The courts have not developed a rule against estate splitting similar to the income tax rule because estate taxes apply whether the property owned at death was acquired through earnings or by gift. The splitting of an estate by giving away property prior to death is not considered to be tax avoidance (where the gift is not in contemplation of death) because the gift is subject to a separate tax and because the estate tax is limited to transfers on death.[2] Under the es-

"[2] There is a federal statutory estate tax rule which is analogous to the rule that federal income tax law determines the person taxable on income; a gift subject to a life estate in the donor is subject to estate taxation even though under state law no interest in property is transferred on death. Internal Revenue Code of 1939, Section 811(c) (1) (B), as amended by Section 7(a), Act of October 25, 1949, c. 720, 63 Stat. 891; Internal Revenue Code of 1954, Section 2036, as amended by Section 18(a) (2), Revenue Act of 1962, P.L. 87–834, 76 Stat. 960.

tate tax provisions there is no question of allocation of income between members of a family—the only question is whether the decedent had an interest in the property in question at the time of his death and that is a question of state law.[3]

"[3] H.Rep.No. 1274, 80th Cong., 2d Sess., p. 4 (1948–1 Cum.Bull. 241, 243), and S.Rep. No. 1013, 80th Cong., 2d Sess., p. 5 [U.S.Code Cong.Service 1948, pp. 1167, 1260] (1948–1 Cum.Bull. 285, 288), the Committee Reports on the 1948 changes in the estate taxation of community property, state 'Generally, this restores the rule by which estate and gift-tax liabilities are dependent upon the ownership of property under State law.' "

While the government thus disputes the rationale upon which the decision in its favor is based, it contends that the judgment should nevertheless be affirmed because the alleged gift by decedent to his wife, the taxpayer, of the partnership interest was invalid un-

der Louisiana law and the partnership interest continued to be community property. The plaintiff taxpayer disputes those contentions and insists that under Louisiana law there was a valid partnership between her and her husband and the third partner, and that she owned a one-third interest in the partnership. Those issues should have been, but were not, decided by the district court. Due to the peculiarities of Louisiana law, we hesitate to decide those issues for the first time on appeal. Careful consideration by the district judge, thoroughly versed in the law of his State, will make a correct decision more certain. We hold only that state law rather than federal law determines the ownership of property subject to federal estate taxes, and remand the case for further consideration.

Reversed and remanded.