508

Para Pierce ALDRICH

v.

UNITED STATES of America.

Civ. A. No. 2249.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

July 22, 1966.

Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, La., for plaintiff.

Richard M. Roberts, Acting Asst. Atty. Gen., Robert L. Waters, Robert I. White, Attorneys, Tax Division, Department of Justice, Fort Worth, Tex., Louis C. La-Cour, U. S. Atty., Eastern District of Louisiana, New Orleans, La., for defendant.

WEST, District Judge:

This case is before the Court on a remand from the Fifth Circuit Court of Appeals. The facts are fully set forth in the opinion originally rendered by this Court on December 7, 1962, and reported in Aldrich v. Usry, 211 F.Supp. 330, and need not be repeated in detail here. Briefly, the case involves a claim by the taxpayer, Mrs. Para Pierce Aldrich, for the recovery of estate taxes allegedly improperly paid by her upon the death of her husband, Walter R. Aldrich. It is plaintiff's contention that when she filed the Federal estate tax return following her husband's death, there was erroneously included therein, as a part of his estate, the value of an undivided one-third interest in the contracting firm of W. R. Aldrich & Company. She contends that in truth and in fact decedent was one of three partners in the firm, and owned only a one-third interest, and that she, plaintiff, as a partner, owned a one-third interest as her separate and paraphernal property, and that hence this latter one-third interest should not have been included as a part of decedent's estate.

Following a trial on the merits this Court held that Mrs. Aldrich was not a partner in W. R. Aldrich & Company, and thus her claim was denied. See Aldrich v. Usry, supra.

Plaintiff appealed and the Fifth Circuit Court of Appeals, by a per curiam opinion, affirmed the decision of this Court. Aldrich v. United States (5th Cir., No. 20334, July 28, 1964). Plaintiff applied for and was granted a rehearing, which rehearing was held before a new and different panel of Judges on the Fifth Circuit Court of Appeals, and that Court reversed the decision of this Court on the ground that in determining whether or not Mrs. Aldrich was a member of the alleged partnership in question, Federal law had been applied, whereas the law of the State of Louisiana should have been applied in making this determination. Aldrich v. United States, 346 F.2d 37 (CA5, 1965). The case was thus remanded and is now before this Court

for a determination of whether or not, under the laws of Louisiana, Mrs. Aldrich was, in fact, a member, with her husband, W. R. Aldrich, and Lee A. Holland, of a partnership known as W. R. Aldrich & Company. This Court must now decide whether or not, under Louisiana law, a wife may validly enter into such a partnership with her husband, and if so, whether or not, under Louisiana law, such a partnership existed in this case.

Since this case was last before the Court, Mrs. Para Pierce Aldrich has died, and the City National Bank of Baton Rouge, as testamentary executor of her estate, has been properly substituted as plaintiff herein.

It is the opinion of this Court that under Louisiana law Mrs. Para Pierce Aldrich was not a partner in the firm known as W. R. Aldrich & Company, and thus, the claim for refund of taxes paid by her must again be rejected.

W. R. Aldrich & Company was organized as an ordinary partnership in 1932 with Mr. W. R. Aldrich as one partner, and Forcum-James Construction Company as the other partner. According to a sale and chattel mortgage dated June 30, 1945, but made retroactive to January 1, 1945, Forcum-James Construction Company sold its one-half interest in the company to:

"Walter R. Aldrich, married to Para Pierce Aldrich, with whom he is now living; Mrs. Para Pierce Aldrich, born Pierce, wife of the said Walter R. Aldrich, here appearing and buying with her own sole and separate paraphernal funds, under her separate control, duly authorized to so appear by the said Walter R. Aldrich, and Lee A. Holland, married but once and then to Ruby McKee, with whom he is now living, all residents of the lawful age of East Baton Rouge Parish, Louisiana."

The consideration for this sale was $204,028.00, of which amount $44,028.00 was paid in cash and the balance was represented by two promissory notes of $80,000.00 each, signed by W. R. Aldrich,

Mrs. Para Pierce Aldrich, and Lee A. Holland, as makers. In June of 1945, Mr. Aldrich advised the City National Bank of Baton Rouge, Louisiana, by letter, that "New partners have been admitted to W. R. Aldrich & Company, so that the new firm consists of W. R. Aldrich, Para Pierce Aldrich, and Lee A. Holland, who will operate under the firm name of W. R. Aldrich & Company, and have assumed all of the assets and liabilities of the firm * * *."

Counsel for plaintiff admits in his brief, and the evidence is clear, that Mrs. Para Pierce Aldrich did not put up any cash of her own, as distinguished from cash of the community, in order to become a partner. Thus it is obvious that Mrs. Aldrich did not acquire any separate interest in W. R. Aldrich & Company by virtue of the sale from Forcum-James Construction Company because, as hereinafter noted, she gave no consideration therefor. She paid no part of the cash consideration, and the only effect that her signing the two $80,000.00 notes could have had was to bind her separate property, if any she had, for payment of the notes. (Actually, the evidence shows that she had little or no separate property at that time, and there was no evidence that she would, or could acquire any separate property in the future, and so, in reality she had nothing to bind by signing the notes.) Consequently, whatever interest in W. R. Aldrich & Company was acquired from Forcum-James Construction Company in January, 1945, by Mr. and Mrs. Aldrich was community property, purchased with community funds. No part of this acquisition could in any way be considered the separate property of Mrs. Para Pierce Aldrich because there was no evidence that she had sufficient separate funds, and no evidence that she had any prospective separate funds with which to acquire a separate interest. See Betz v. Riviere, 211 La. 43, 29 So. 2d 465 (1947). But plaintiff says that in June of 1945 Mr. Aldrich made a gift of a one-third interest in the assets of the company to Mrs. Aldrich, and that, pursuant to Act

187 of 1942, this gift was irrevocable. But it could only be irrevocable if it was valid to begin with.

Article 1536 of the Louisiana Revised Civil Code provides:

"An act shall be passed before a notary public and two witnesses of every donation *inter vivos* of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."

It is admitted by plaintiff that no such formal act of donation was ever passed in connection with this alleged gift, but the plaintiff says that such was not necessary because the gift to Mrs. Aldrich was of the "assets received from the dissolution of the former partnership" and hence, the gift was of movable property susceptible of transfer by manual gift, and thus not governed by Article 1536. There is certainly no evidence of when, where, or how this alleged manual gift took place, and the Court simply cannot accept this argument. Mr. Aldrich and Mr. Holland together owned W. R. Aldrich & Company after the withdrawal of Forcum-James Construction Company in January of 1945. If any gift was attempted from Mr. Aldrich to Mrs. Aldrich between January and June of 1945, which is seriously doubted by the Court, it was a gift of an interest in W. R. Aldrich & Company. Such a gift is clearly governed by Article 1536, and since that Article was not complied with, no such gift can be recognized. Furthermore, it is undisputed that the firm of W. R. Aldrich & Company owned, as a part of its assets, substantial real estate, and thus, even if the gift had been of assets, the transfer of such real estate assets would, according to Article 1536, have to be in writing to be valid. Since it is obvious from the evidence that Mrs. Aldrich did not purchase, with separate funds, any interest in the company, and since it is now concluded that no valid gift was ever consummated, it follows that she at no time acquired any separate interest in W. R. Aldrich & Company.

Plaintiff cites the case of State ex rel. Waterman v. J. S. Waterman & Company, Inc., 178 La. 340, 151 So. 422 (1933) as authority for the fact that a gift such as here alleged is not subject to the provisions of Article 1536. But Waterman does not stand for that proposition. In Waterman, the Court simply decided that since the evidence showed that William Waterman, who had an active part in the management of the business, gave adequate consideration for his interest in the partnership when he assumed a solidary liability for the obligations of the partnership, the transfer of the interest in the business to him was not in fact a gift at all but was a transfer of valid title, by contract, for good consideration, of a share in the business. A similar situation is not presented by the evidence in the case of Mrs. Aldrich. The most that could have resulted from her signing the notes in question was that any separate property that she might own or that she might acquire would be bound therefor. But the evidence is quite clear that at the time she signed the notes she had little or no separate property to bind. According to her own testimony, the most that her separate property could at any time have amounted to was something in the vicinity of $7,000.00. Actually, the testimony is quite inadequate to even sustain this assertion, but assuming it to be true, since she did not at any time declare, as required by Article 2386 of the Louisiana Revised Civil Code, that she reserved to herself any fruits from her separate property, all such fruits, if there were any, fell into the community of acquets and gains existing between her and her husband, Mr. Aldrich. There was no evidence whatsover to show that at the time she signed the notes in question she even had the $7,000.00 that she referred to as having been inherited from her mother, but even if she did, the binding of this small amount of money for the payment of notes totaling $160,000.00, plus all other obligations of the business, could hardly be considered serious consideration for a one-third interest in a busi-

ness such as W. R. Aldrich & Company. And she could give no other security for the payment of these debts because she neither had any nor did she show any evidence of the prospect of acquiring any. Thus, there was obviously not sufficient consideration to support a sale to her of the interest in the company involved, and consequently, the situation is simply not the same as that involved in Waterman. Thus, there being no valid gift to Mrs. Aldrich of a one-third interest in the partnership, and there being no evidence to support a valid sale of this interest to her, the conclusion is inevitable that Mrs. Aldrich never did acquire, as her separate property, any part of the firm of W. R. Aldrich & Company.

■■ But even if it should be held that Mrs. Aldrich had somehow acquired, as her separate property, one-third of the assets of W. R. Aldrich & Company, it must still be concluded that she was not a partner in the firm of W. R. Aldrich & Company. Plaintiff is claiming a refund of taxes paid on a one-third interest in the partnership, not on the assets thereof. Plaintiff apparently contends that in June of 1945 Mrs. Aldrich became a partner in the firm by contributing thereto a one-third interest in the assets of a former partnership that she somehow acquired from her husband. But under the law of Louisiana a partnership is a contract, and a contract between husband and wife in Louisiana is prohibited. Louisiana Revised Civil Code Article 1790.

■ Article 2801 of the Louisiana Revised Civil Code defines a partnership as follows:

"*Partnership* is a synallagmatic and commutative contract made between two or more persons for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determined proportions by the parties."

And Article 2802 says:

"It may be made by all persons capable of contracting." But plaintiff insists that the inability of husband and wife to

contract was removed by the Married Women's Emancipation Act of 1926. LSA–R.S. 9:101–9:105. This is not so. Nowhere in that Act is there contained any authority for husband and wife to contract. But that Act does provide in R.S. 9:105:

Nothing contained in R.S. 9:101, 9:102, and 9:103 is intended to modify or affect the laws relating to the matrimonial community of acquets and gains or the laws prescribing what is deemed the separate property of the spouses."

Thus, the prohibition contained in Article 1790 against husband and wife contracting, particularly where such contract would in any way affect the matrimonial community of acquets and gains, is not in any way affected by the Emancipatory Act of 1926.

This fact has been recognized many times by the Courts of Louisiana both before and after 1926. Thus, in Squire v. Belden, 2 La. 268 (1831), and in Monroe Grocery Co., Ltd. v. T. L. & M. Davis, et al., 165 La. 1027, 116 So. 546 (1928), and in Fairbanks, Morse & Co. v. Bordelon, 198 So. 391 (La.App., 1 Cir. 1940), and in Purcell v. Stewart, 131 So.2d 905 (La.App., 4 Cir. 1961), the Courts of Louisiana have held where a community of acquets and gains exists between husband and wife, they may not enter into a contract of partnership with each other. This prohibition has consistently been recognized both before and since the passage of the Emancipatory Act of 1926.

But plaintiff argues that this prohibition only pertains to the formation of a commercial partnership between husband and wife as distinguished from an ordinary partnership as here involved. It is plaintiff's contention that there is sound reason, as stated by the Court in the Squire case, for a prohibition against such a commercial partnership between husband and wife because in a commercial partnership any partner may bind all other partners in solido for the entire debt of the partnership. Thus, the wife as a partner in a commercial partnership could obligate the husband's share, which

is community property, and in this way impair his position as head and master of the community of acquets and gains. Plaintiff concedes that there is both good authority and good reason for such a prohibition. But plaintiff goes on to say that since in an ordinary partnership the partners are not bound in solido for the debts of the partnership, the same reasoning cannot be applied. But this is not necessarily so. Article 2872 of the Revised Civil Code provides:

> "Ordinary partners are not bound *in solido* for the debts of the partnership, and no one of them can bind his partners, *unless they have given him power so to do, either specially or by the articles of partnership. * * *"*
> (Emphasis added.)

And Article 2874 states:

> "If a debt be contracted by one of the partners of an ordinary partnership, who is not authorized, either in his own name or that of the partnership, the other partners will be bound, each for his share, *provided it be proved that the partnership was benefited by the transaction."* (Emphasis added.)

■ Thus, if the wife is a partner with her husband in an ordinary partnership, she may, either by power specially granted or by authority granted by the articles of partnership, bind and obligate the husband's share in the partnership, which is community property, or she may, *even without authority,* bind his share if the transaction into which she enters on behalf of the partnership inures to the benefit of the partnership. Thus the reasoning in the Squire case militates against the right of the wife to become an ordinary partner with her husband just as much as it supports the conclusion that the wife cannot become a commercial partner with her husband.

■ While all of the cases found by the Court prohibiting a contract of partnership between husband and wife happened to deal with commercial partnerships, as pointed out above, the same reasoning is just as persuasive against the right of the wife to enter into an ordinary partnership with her husband.

■ It must thus be concluded that under Louisiana law, the prohibition against husband and wife contracting has not been removed by the Emancipatory Act of 1926, and under the well established jurisprudence of Louisiana the wife may not enter into a contract of partnership with her husband. As stated in 2 Planiol, Civil Law Treatise (an English Translation by the Louisiana State Law Institute) No. 1937 (1959):

> "1937. Prohibition of the Contract of Partnership Between Spouses.
>
> "Can a contract of partnership be established between spouses? The law has in no way foreseen the question. The courts have thought that the existence of a partnership between spouses would have the effect of: (1) establishing between them an equality of rights incompatible with the exercise of the marital power; (2) to modifying the relations of interests existing between them which would be contrary to the immutability of matrimonial contracts. As a consequence they have declared null the partnership formed between husband and wife. * * *"

This same conclusion has been reached consistently by the Courts of Louisiana, and hence, for this reason also it must be concluded that Mrs. Aldrich did not own, as her separate property, a one-third interest in the partnership of W. R. Aldrich & Company.

■ And there is still another reason to conclude that no such partnership interest belonged to the separate estate of Mrs. Aldrich. W. R. Aldrich & Company was a contracting business principally engaged in road construction. A partnership formed to conduct construction work is, under Louisiana law, an ordinary rather than a commercial partnership. Harding v. Wattigney, 62 So.2d 190 (La.App., Orl.Cir. 1952). As indicated in the pleadings and in brief, counsel for plaintiff readily agrees that this is so. Consequently, we will concern ourself now only with the require-

ments, under Louisiana law, of ordinary partnerships. Ordinary partnerships are divided into universal partnerships and particular partnerships. Louisiana Revised Civil Code Article 2826. As provided in Louisiana Revised Civil Code Article 2834, all universal partnerships, to be valid, must be in writing. Since admittedly there was no written agreement between the alleged partners of W. R. Aldrich & Company, there was not, and could not be a universal partnership. That leaves only a particular partnership to be considered.

According to Louisiana Revised Civil Code Article 2835, particular partnerships are ordinary partnerships which are formed for any business not of a commercial nature. But Article 2836 further provides:

"If any part of the stock of this partnership consist of real estate, it must be in writing, and made according to the rules prescribed for the conveyance of real estate, and recorded as is hereafter prescribed with respect to partnership in commendum."

And Article 2837 provides:

"The business of this partnership must be conducted in the name of all of the persons concerned, unless a firm is adopted by the articles of partnership reduced to writing, and recorded in the manner directed by the last article."

There is absolutely no question whatsoever from the evidence that this partnership did own considerable real estate. The only written evidence of this alleged partnership was certain letters, such as the one directed to the City National Bank, which stated that new partners, including Mrs. Aldrich, had been "admitted to W. R. Aldrich & Company," and certain acts of sale and mortgage which described Mrs. Aldrich as a partner. But these statements cannot take the place of the written articles of partnership required by Article 2836. The fact that under Louisiana law the requirement of written articles of partnership are indispensable to the formation of such a partnership was clearly summed up in the recent case of Foshee v. Simkin, 174 So.2d 915 (La.App., 1 Cir. 1965) wherein the Court said:

"In passing on the issues of this appeal, we will first determine the existence vel non of a partnership. We have in our law four specific types of partnership, viz: A universal partnership, as provided for in LSA C.C. Article 2829; a particular partnership, as provided for in LSA C.C. Article 2835; a partnership in commendum, as provided for in LSA C.C. Article 2839; and lastly, a commercial partnership, as provided for in LSA C.C. Article 2852. All of these partnerships must be evidenced by a written contract, except that of a commercial partnership, and it appears that inasmuch as no written contract was presented evidencing a partnership that no such contract exists. Therefore, if a partnership existed between the parties during the period of time involved, the only kind that we can further consider is that of a commercial partnership; * * *"

See also Lagarde v. Dabon, 155 La. 25, 98 So. 744 (1924); Madison Lumber Co. v. Picheloup, et al., 125 So. 175 (Orl. Cir. 1929); Gray v. Carter, 176 So. 885 (La.App., Orl.Cir. 1937); and Gadlin v. Deggs, 23 So.2d 704 (La.App., Orl. Cir. 1945).

Thus, in the absence of a written contract of partnership, and plaintiff admits that there was no such contract, the ordinary partnership contended for by the plaintiff could not, under Louisiana law, exist. Thus for this additional reason the Court concludes that Mrs. Aldrich did not acquire, as her separate property, a one-third interest in a partnership known as W. R. Aldrich & Company. Furthermore, the totality of the undisputed facts, as developed at the trial of this case, and as reported in the previous opinion of this Court, Aldrich v. Usry, 211 F.Supp. 330, failed completely to show, by a preponderance of the evidence, that there was ever any real, bona fide intention on the part of Mr. and Mrs. Aldrich to form a partnership between them. In

a suit for refund of taxes, the determination of the Commissioner or Director of Internal Revenue is presumptively correct, and the taxpayer has the burden of proving, by a preponderance of the evidence, that the Commissioner's determination was erroneous. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385. The plaintiff taxpayer in this case has failed to carry this burden.

Therefore, for the reasons herein set forth, it is the opinion of this Court that plaintiff's complaint should be dismissed and that this suit must be dismissed at pla'ntiff's cost. Judgment will be entered accordingly.