**CITY NATIONAL BANK OF BATON ROUGE, Testamentary Executor of the Succession of Para Pierce Aldrich, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24061.**

United States Court of Appeals Fifth Circuit.

Aug. 9, 1967.

Rehearing Denied En Banc Sept. 14, 1967.

Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, La., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Robert Waxman, Attys., Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., New Orleans, La., Walter F. Gemeinhardt, First Asst. U. S. Atty., of counsel, for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

The issue of whether a one-third interest in a Louisiana partnership was a taxpayer's separate property as a bona fide partner with her husband was originally decided by the district court adversely to the taxpayer, in an opinion reported as Aldrich v. Usry, E.D.La.1962, 211 F. Supp. 330. The district court held that the taxpayer had failed to prove the existence of a bona fide family partnership between her and her husband *"in accordance with the controlling Federal law"*. (Emphasis added.) On appeal that judgment was at first affirmed by per curiam opinion. On rehearing before a different panel, it was held that state law rather than federal law determines the ownership of property subject to federal estate

taxes, and the case was remanded for further consideration. Aldrich v. United States, 5 Cir. 1965, 346 F.2d 37. In remanding the case, this Court stated: "Due to the peculiarities of Louisiana law, we hesitate to decide those [state] issues for the first time on appeal. Careful consideration by the district judge, thoroughly versed in the law of his State, will make a correct decision more certain." 346 F.2d at 40. The district court gave full consideration to the case on remand and again decided adversely to the taxpayer. In an able opinion the district court held that, under Louisiana law, a wife may not validly enter into an ordinary partnership with her husband, and that, in any event, no such partnership existed in this case. Aldrich v. United States, E.D.La.1966, 256 F. Supp. 508.

■ This Court has recently stated: "We give great weight to the view of the state law taken by a district judge experienced in the law of that state, although of course the parties are entitled to review by us of the trial court's determination of state law just as they are of any other legal question in a case. See Wright, Federal Courts 206 (1963)." Freeman v. Continental Gin Company, 5 Cir., 1967, 381 F.2d 459.[1]

■ After careful study, we agree that, under the law of Louisiana, the wife cannot become an ordinary partner with her husband for the reasons so fully and ably stated in the opinion of the district court. The judgment is therefore

Affirmed.

ON PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25a, subpar. (b), the Petition for Rehearing En Banc is denied.

---

1. Accord: Sudderth v. National Lead Co., 5 Cir., 1959, 272 F.2d 259, 263; 1 Barron & Holtzoff § 8, p. 42, n. 6.14; 1A Moore F.P. ¶ 0.309 [2], p. 3330, n. 15; 5 Moore F.P. ¶ 52.03 [2], p. 2631.