TEXACO, INC., and McCullough Tool Co., Appellants,

v.

Olen LIRETTE et al., Appellees.

EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WIS-CONSIN, Appellant,

v.

TEXACO, INC., et al., Appellees.

No. 26239.

Summary Calendar.

United States Court of Appeals Fifth Circuit.

May 2, 1969.

L. Howard McCurdy, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert B. Acomb, Jr., New Orleans, La., for appellant, Texaco, Inc.

Monte J. Ducote, Schoemann, Gomes & Ducote, Ralph E. Orpys, George M. Leppert, New Orleans, La., for appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

Owen Lirette and George Spencer worked for South Louisiana Drilling Co. as roustabouts. On the day of the accident, June 29, 1964, they were aboard one of the Company's drilling barges in Lake Barre reworking a well belonging to defendant, Texaco, Inc. Texaco had contracted with the co-defendant McCullough Tool Co. for McCullough to "back-off" the tubing, that is, to extricate casing that was stuck in the well. McCullough furnished a crew and certain equipment necessary to detonate a "string shot", an explosive charge dropped on a line into the well to sever the pipe. Lirette and Spencer suffered injuries when they removed "slips" that held the casing in place laterally: pent-up torque within the hole caused the pipe to spin around suddenly, and protruding valves struck the heads of the men, who were bending over to reach the slips.

In this diversity action Spencer and Lirette alleged that Texaco and McCullough, through their agents, negligently set the pipe so that the protruding valves were at an unsafe height from the floor. Safety, they said, required that the valves be set five or six feet above the floor so as to spin around above the heads of men leaning over to release the stays. The companies answered that the rig had been set up safely and according to custom. They also claimed that the men had released the slips on their own initiative, and against the warnings of a fellow employee. Thus, said the companies, any injuries resulted from contributory negligence on the part of the plaintiffs.

Texaco and McCullough also filed a third-party complaint against South Louisiana Drilling Co., which employed Lirette and Spencer. The complaint alleged that the drilling company had undertaken to indemnify the third-party plaintiffs for any recovery against them caused by its failure to fulfill its contractual obligations; the complaint alleged that if any negligence on the employers' part had occurred, it was attributable to Goldman, South Louisiana's foreman.

A sixth party, Employers Mutual Liability Co. of Wisconsin intervened in the case as South Louisiana's liability insurer. The insurer alleged that it had made certain payments to Lirette and Spencer for medical expenses and, as subrogee, sought recovery over against Texaco and McCullough for the amounts paid out.

The jury found in favor of both employees as against Texaco and McCullough. It awarded $8,500 to Lirette, of which $6,576.51 was owed to the intervenor, Employers Mutual. It awarded $22,200 to Spencer, of which $6,750.43 was owed to Employers Mutual.

The district judge, on facts stipulated by the parties, further held that Texaco and McCullough were not entitled to in-

demnity from the third-party defendant, South Louisiana. The court ordered interest on the awards to the employees to run from the date of the entry of judgment, rather than from the time that the complaint was filed.

██ ██ Texaco and McCullough appeal first "from the verdict of the jury" because of insufficient supporting evidence. That of course is not a proper specification of error. *Legal* errors are committed by courts in acting upon motions and in ordering the entry of judgment, not by juries. The record discloses no motion for a directed verdict or for a judgment notwithstanding the verdict. In any event, the record would not justify a directed verdict or a judgment n. o. v. This Court recently set the standard to be applied to ruling on such motions: "[I]f there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury." Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365.

██ ██ The fact that experts testified that custom and practice in the industry favor allowing the valves protruding from the pipe to be elevated no more than two or three feet from the floor does not foreclose the issue. Custom does not always determine the standard of reasonable conduct. The T. J. Hooper, 2 Cir. 1932, 60 F.2d 737; Pure Oil Co. v. Snipes, 5 Cir. 1961, 293 F.2d 60, 71. There was, moreover, conflicting evidence as to custom, some favoring the plaintiffs' view. Bobby G. Denson, Sr., one of the plaintiffs' witnesses, put the matter as succinctly and forcefully as anyone could: "Them lubricators wasn't put together the right way no way, to begin with, period." He went on to express the belief that the valves should have been placed about five feet over the floor, so that they could spin above the heads of men bending over. In view of that testimony, we cannot say that the defendants, as a matter of law, took every precaution that a reasonable man would in setting up the operation.

██ The issue of contributory negligence does not require lengthy analysis. Cochran, the Texaco supervisor, testified that he could not recall ordering Spencer and Lirette to pull the slips. They testified that he did. Spencer further testified that Cochran told him that there was no danger. Another employee, the one who alleged that he had warned Spencer and Lirette about the torque, also pulled a slip at the same time, but managed to lean out of the path of the revolving pipe. It is possible that in spite of the instructions of Cochran and the compliance of their fellow employee, Lirette and Spencer still should have known that it was foolish to pull the slips in the way that they did. Reasonable men could differ on that point, however, and it was therefore for the jury to decide. Boeing Co. v. Shipman, *supra*.

██ The appellants also maintain that the district court erred in failing to find South Louisiana liable to them as an indemnitor. We find no error, and certainly not the clear error required to reverse the district court's finding. The indemnity agreement would have been effective if South Louisiana, not Texaco and McCullough, had been guilty of negligence, but the facts, as the court found, were otherwise.

██ Similarly without merit is the argument that the awards to Spencer and Lirette were unreasonably large and subject to reversal on appeal. Texaco professes to find the awards, particularly those portions for pain and suffering, "staggering". Doctors, however, testified at the trial as to the depth of the cuts and the length of the scars caused by the accident. On the basis of that evidence we affirm the court's acceptance of the amounts awarded by the jury.

██ The final issue presented here is whether the court erred in awarding interest from the time judgment was entered, rather than from the time the

complaint was filed. In diversity cases, state law governs the award of interest. New Amsterdam Casualty Co. v. Soileau, 5 Cir. 1948, 167 F.2d 767, 6 A.L.R.2d 128. Cf. 28 U.S.C. § 1961. Louisiana requires interest to run from the date of judicial demand, that is the time that the complaint is filed. 13 L.S.A.–R.S. 4203. That rule should be applied here.

The judgment appealed from is amended to allow legal interest from the time of judicial demand, and, as amended, it is affirmed.