Donald A. PETERSEN, Administrator of the Estate of Sgt. Russell Lynn Petersen, Deceased, Plaintiff-Appellee,

v.

Sgt. Robert M. KLOS, Defendant-Appellant.

No. 30304

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 30, 1970.

A. S. Johnston, III, Biloxi, Miss., for defendant-appellant.

Jerome B. Steen, Jackson, Miss., Sherman Muths, Jr., Gulfport, Miss., for plaintiff-appellee.

Before GEWIN, COLEMAN and DYER, Circuit Judges.

PER CURIAM:

When this case was initially before this court Klos appealed from a judgment of liability, and Petersen cross appealed from a finding of contributory negligence and the consequent reduction by one-half in the award of damages. We affirmed the judgment against Klos and reversed the finding of contributory neg-

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

ligence.[1] We remanded the case with directions "to enter judgment for the plaintiff [Petersen] in the amount of $40,360.00 as previously determined by that [District] court."[2] The pertinent facts and the reasons for our decision are fully set forth in the cited report of our opinion and they will not be repeated here.

Upon remand, the district court entered final judgment in favor of Petersen against Klos in the sum of $40,360.00 together with interest at the rate of 6 per cent per annum on that amount from and after November 25, 1968, which was the date of the original judgment against Klos in the district court. This final judgment was entered on June 5, 1970 by the same judge who originally tried the case and assessed the damages at the above mentioned sum. Klos then filed a motion in this court seeking to correct the mandate of the court to include a provision with respect to interest as provided by FRAP Rule 37.[3]

In the motion it was contended that the district court's judgment allowing interest on the full amount for which Klos was originally found to be liable from the date of the original entry of judgment in the district court on November 25, 1968 was erroneous. It is argued that interest should be allowed only on the sum of $20,180.00 from November 25, 1968. Almost simultaneously with the filing of the motion mentioned above, Klos appealed from that part of the final judgment after remand which allowed interest on the full amount of the original damages as assessed. This

court consolidated the motion and the appeal for consideration, placed the consolidated case on the Summary Calendar and fixed a briefing schedule.

After giving full consideration to the motion and the appeal, we approve the judgment entered by the district court on June 5, 1970 allowing interest on the sum of $40,360.00 at the rate of 6 per cent per annum from and after November 25, 1968, but in order to avoid any possible confusion we recall the mandate of the court and amend it with respect to the allowance of interest. Therefore, the mandate of this Court is amended to allow interest at the rate of 6 per cent per annum from and after November 25, 1968 on the sum of $40,360.00. The case is remanded to the district court with instructions to enter judgment accordingly.

We agree with the parties that in this diversity case state law governs the award of interest.[4] While the question is not without difficulty and the cases in Mississippi at one time were in conflict, it is our conclusion that the allowance of interest as herein directed is permissable under Mississippi law.[5] The allowance of such interest also appears to be the general rule.[6] Moreover, as we pointed out in our original opinion, even though a party is entitled to a review by this court of the trial court's determination of state law and the decision of the local trial judge is not to be regarded as conclusive, we are reluctant to substitute our view of state law for that of the district court sitting in that state and experienced in its jurisprudence.[7] As previously indicated, we are

1. Petersen v. Klos, 426 F.2d 199 at 200 (5th Cir. 1970).

2. Petersen v. Klos, *supra* at 205.

3. FRAP Rule 37 provides as follows:
   Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain

instructions with respect to allowance of interest.

4. Texaco Inc. v. Lirette, 410 F.2d 1064 at 1066 (5th Cir. 1969).

5. Illinois Central RR Co. v. Nelson, 245 Miss. 395, 411, 146 So.2d 69, 148 So. 2d 712, 4 A.L.R.3d 1217 (Sup.Ct.1963).

6. *See* 45 Am.Jur.2d § 108 at 94; 4 A.L.R. 3d 1221.

7. City National Bank of Baton Rouge v. United States, 383 F.2d 341 (5th Cir. 1967); C. Wright, Federal Courts § 58 at 240 (2d ed. 1970).

in agreement with the order entered by the district court with respect to the allowance of interest.

The case is remanded for proceedings not inconsistent with this opinion.

Remanded.